UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TITAN SECURITY SERVICES, LLC,

Plaintiff,

Case No. 26-cv-12432
Hon. Matthew F. Leitman

v.

DEREK WROBLEWSKI, *et al.*,

Defendants.

______________________________________/

**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR ALTERNATE SERVICE (ECF No. 6) AND (2) EXTENDING SUMMONSES**

In this action, Plaintiff Titan Security Services, LLC alleges that Defendant Derek Wroblewski breached his contract with Titan Security and that Wroblewski and Defendant Volunteer Security, Inc. tortiously interfered with Titan Security's business relationships. (*See Compl*. at ¶ 3, ECF No. 1, PageID.2.) Titan Security has attempted to serve both Wroblewski and Volunteer Security with service of process without success.

Accordingly, on October 8, 2026, Titan Security filed a verified motion for alternate service. (*See* Mot., ECF No. 6.) In that motion, Titan Security asks the Court for permission to "serve Wroblewski by: (1) affixing the summons, Complaint, this Motion, and the Court's order to the front door of 45895 Cass Avenue, Utica, Michigan 48317; (2) mailing the same documents to that address by

first-class mail with tracking and by certified mail; and (3) emailing the documents to any confirmed personal or business email address used by Wroblewski" and to serve Volunteer Security by "(1) mailing the same documents by first-class mail with tracking and certified mail to Volunteer at its registered agent address, 213 Grandview Drive, Kodak, Tennessee 37764, and to any then current principal-office or registered-agent address identified in Volunteer's public corporate filings; and (2) emailing the documents to any confirmed corporate email address used by Volunteer and any confirmed email address used by its registered agent." (*Id.*, PageID.35-36.)

For the reasons explained below, Titan Security's motion is **GRANTED**.[1]

**I**

**A**

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(h)(1)(A) permits the same state-law method for service on a domestic corporation. In turn, Michigan Court Rule 2.105 governs service of process in the State of Michigan. That rule

[1] The Court concludes that it may resolve this motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

provides in relevant part that process may be served on a resident or non-resident individual by:

> 1. delivering a summons and a copy of the complaint to the defendant personally; or
>
> 2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. Rule 2.105(A)(1)-(2). Service of process on a corporation may be made by:

> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
>
> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Corporations,

> Securities & Commercial Licensing Bureau, Corporation Division if
>
> (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
>
> (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>
> (c) the corporation's term of existence has expired.

Mich. Ct. Rule 2.105(D)(1)-(4)(a)-(c).

Finally, Michigan Court Rule 2.105(J) further provides that substituted service may be appropriate under some circumstances:

> 1. On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.
>
> 2. A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.
>
> 3. Service of process may not be made under this subrule before entry of the court's order permitting it.

Mich. Ct. Rule 2.105(J).

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

**B**

The Court concludes that Titan Security's motion, supported by the affidavits of its process servers (*see* ECF No. 6-1, 6-3), satisfies the requirements for alternative service described above. First, Titan Security has sufficiently shown that service of Defendants "cannot reasonably be made" under the usual methods for service of an individual or corporation under the Michigan Court Rules. Titan Security has attempted to personally serve each of the Defendants several times, all without success. (*See id.*) Indeed, Titan Security's process server attempted to serve and/or reach Wroblewski on six different occasions over a nearly three-week period but was unable to do so. (*See* Aff., ECF No. 6-1.)

Second, as required under Michigan Court Rule 2.105(2), Titan Security submitted a motion that is dated within 14 days of filing, and it was supported by the affidavits of its process servers and other evidence. (*See* Mot., ECF No. 6.) The motion and supporting documents provided evidence that Titan Security has not

been able to successfully serve Defendants despite diligent efforts. The motion also includes Defendants' last known address(es).

Finally, the ways in which the Court will require Titan Security to serve Defendants are "reasonably calculated to give [Defendants] actual notice of the proceedings and an opportunity to be heard." Mich. Ct. Rule 2.105(I)(1).

Accordingly, for all the reasons stated above, Titan Security's motion for alternative service (ECF No. 6) is **GRANTED** as follows: Titan Security shall serve Defendants by the following methods:

- Affixing a copy of (1) the Summons, (2) the Complaint, and (3) this order on the front door of 45895 Cass Avenue, Utica, Michigan 48317;
- Sending a copy of (1) the Summons, (2) the Complaint, and (3) this order to Wroblewski via First Class and Certified Mail (with tracking requested), to 45895 Cass Avenue, Utica, Michigan 48317;
- Emailing a copy of (1) the Summons, (2) the Complaint, and (3) this order to any confirmed personal or business email addresses used by Wroblewski;
- Sending a copy of (1) the Summons, (2) the Complaint, and (3) this order to Volunteer Security via First Class and Certified Mail (with tracking requested), to 213 Grandview Drive, Kodak, Tennessee

37764 and to any then-current principal-office or registered-agent address identified in Volunteer Security's public corporate filings; and

- Emailing a copy of (1) the Summons, (2) the Complaint, and (3) this order to any confirmed corporate email addresses used by Volunteer Security and any confirmed email address used by its registered agent.

Titan Security shall also file a Certificate of Service with the Court after it serves Defendants as directed in this order. Finally, the deadline for service and summonses in this case shall be extended through **December 14, 2026**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 8, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 8, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126